UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Clifford Thompson,                          Court File No. 16-cv-4024 (JRT/LIB)

          Plaintiff,

     v.                                             **ORDER AND**
                                          **REPORT AND RECOMMENDATION**

Westmor Industries,

          Defendants.

---

This matter comes before the undersigned United States Magistrate Judge upon Plaintiff's Motion to Amend his Complaint, [Docket No. 26]; upon Defendant's Motion to Dismiss, [Docket No. 4]; and upon referral from the Honorable John R. Tunheim. (Order of Reference [Docket No. 22]). A hearing was held on May 24, 2017, after which the motions were taken under advisement. [Docket No. 33].[1]

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Amend. [Docket No. 26]. Accordingly, and for the further reasons discussed below, the Court recommends Defendant's Motion to Dismiss, [Docket No. 4], be **DENIED without prejudice as moot**.

I.     **PROCEDURAL HISTORY**

On November 29, 2016, Plaintiff initiated the present case by filing his *pro se* Complaint. [Docket No. 1]. In his Complaint, Plaintiff alleges that Defendant discriminated against him in violation of Title VII of the Civil Rights Act of 1964. (See, Id.). In general, Plaintiff alleges that

---

[1] At the beginning of the May 24, 2017, motions hearing, the undersigned orally denied the Plaintiff's Motion to Obtain 4 Copies of CDs and Transcript, [Docket No. 8]; Plaintiff's Motion to Obtain Records of Orders Placed by Westmor Customers, [Docket No. 10]; Plaintiff's Motion to Obtain My Hours of Work/Week, [Docket No. 11]; and Plaintiff's Motion to Obtain Superior Industries Training Records, [Docket No. 13], for the reasons stated from the Bench and on the record. (May 24, 2017, Motions Hearing, Digital Recording at 10:05–10:09 a.m.).

every new hire at Westmor was sent to welding school except him, and he alleges that this failure to send him to welding school was due to his race and national origin. (See, Id.).

On March 14, 2017, Defendant filed its Motion to Dismiss Plaintiff's Complaint. [Docket No. 4]. On March 23, 2017, Plaintiff filed two supplemental exhibits to his Complaint. (Exhibits [Docket Nos. 16, 17]).

On March 31, 2017, the Honorable John R. Tunheim issued an Order referring Defendant's Motion to Dismiss, [Docket No. 4], to the undersigned for a Report and Recommendation. (Order of Reference [Docket No. 22]). On April 7, 2017, the Court issued an Order establishing a briefing schedule on Defendant's Motion to Dismiss directing Plaintiff to file his response to Defendant's Motion to Dismiss by no later than April 24, 2017, and it scheduled a hearing for oral argument on all the then-pending motions. (Second Amended Order [Docket No. 25]).

On April 24, 2017, Plaintiff filed the present Motion to Amend, [Docket No. 26], as well as, his memorandum in opposition to Defendant's Motion to Dismiss. On April 27, 2017, the Court issued an Order establishing a briefing schedule on Plaintiff's Motion to Amend and instructing the parties that the Court would also hear oral arguments on Plaintiff's Motion to Amend at the same time as the already scheduled motions hearing. (Order [Docket No. 28]).

## II. PLAINTIFF'S MOTION TO AMEND. [DOCKET NO. 26].

Plaintiff moves this Court for an Order granting him leave to amend his original Complaint. (Mot. to Amend [Docket No. 26]). Defendant asserts that Plaintiff's Motion to Amend should be denied arguing that the proposed amendments would be futile. (Def.'s Mem. [Docket No. 29]).

Eighth Circuit jurisprudence provides that courts should consider motions to amend the pleadings prior to ruling on any pending motions to dismiss. In Pure Country, Inc., the defendant moved to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted. Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 955 (8th Cir. 2002). While the motion to dismiss was pending, the plaintiff filed a motion to amend its pleading and add additional parties. Id. The district court granted the defendant's motion to dismiss and denied as moot the plaintiff's motion to amend. Id. On appeal, the Eighth Circuit reversed, stating:

> [T]he district court ignored Pure Country's motion to amend, granted Sigma Chi's motion to dismiss the original complaint, and then denied Pure Country's motion to amend the complaint as moot. That approach, as a procedural matter, was plainly erroneous. If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint. We therefore reverse the district court's denial of Pure Country's motion to amend the complaint, and we remand the matter to the district court with instructions to reconsider the motion under the discretionary standard asserted by Pure Country. In order to permit the district court to reconsider the motion to amend the complaint, we also vacate the district court's dismissal of the original complaint; however, we do so subject to the possibility that the claims in question may again be dismissed by the district court following its ruling on the motion to amend.

Id. at 956 (internal citations omitted). Accordingly, it is procedural error to grant a pending motion to dismiss and subsequently dismiss a motion to amend the complaint as moot; instead, courts are to apply the Rule 15 discretionary standard and first weigh motions to amend. Id.; Murrin v. Fischer, No. 07-cv-1295 (PJS/RLE), 2008 WL 540857 (D. Minn. Feb. 25, 2008).

Therefore, the Court will first consider Plaintiff's Motion Amend, [Docket No. 26], before considering Defendant's Motion to Dismiss. [Docket No. 4].

### A. Standard of Review

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the opposing party's written consent or the court's leave, and Rule 15 instructs that "[t]he

court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained the purposes of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Although, "parties do not have an absolute right to amend their pleadings, even under this liberal standard," Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008), the Court begins its review "with a presumption of liberality." DeRoche v. All Am. Bottling Corp., 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998).

A party may successfully challenge a motion to amend pleadings on grounds of futility if the claims created by the amendment would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See, Cornelia I. Crowell GST Trust v. Possis Medical, Inc., 519 F.3d 778, 782 (8th Cir. 2008); Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993). However, in applying the motion to dismiss standard in ruling on a motion to amend under a Rule 15(a) futility analysis, courts generally do not weigh the substance of the proposed amended pleadings to the same extent as would be appropriate on a Rule 12(b)(6) motion. Streambend Properties III, LLC v. Sexton Lofts, LLC., 297 F.R.D. 349, 357 (D. Minn. 2014) (citing Birchwood Labs., Inc. v. Battenfeld Techs., Inc., 762 F. Supp. 2d 1152, 1156 (D. Minn. 2011)).

Moreover, pro se pleadings—such as Plaintiff's Complaint, exhibits, and Motion to Amend—are to be construed liberally. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). "'[I]f the essence of an allegation is discernible . . . then the district court should construe the

[claim] in a way that permits the layperson's claim to be considered within the proper legal framework.'" Id. (citing Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).[2]

### B. Analysis

Beginning its review with the presumption of liberality, as directed by the Eight Circuit precedent, the Court reviews Plaintiff's Motion to Amend, [Docket No. 26], liberally construing his pleadings, accepting as true the facts alleged therein, and drawing all reasonable inference in his favor.

At this early point in the proceedings, the Court cannot conclude that Plaintiff's proposed amended Complaint would be futile. The allegations, which the Court must assume are true, are sufficient to raise Plaintiff's claim above the speculative level. Plaintiff provided the "grounds of his entitle[ment] to relief" beyond "labels and conclusion," with "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (quotation omitted).

Plaintiff did not file a complete proposed amended complaint with his Motion to Amend. Plaintiff's Proposed Amended Complaint, [Docket No. 26-1], contained two of the statements which Plaintiff seeks to add to his original Complaint without restating the facts of his original Complaint or the exhibits appended to that original Complaint. Therefore, the Court must first determine which pleadings Plaintiff intended to constitute his Amended Complaint, if such an amendment was allowed.

A court "may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). Plaintiff pleads facts in support of his amended claim in his

---

[2] However, it need be noted that "[p]ro se litigants are not excused from complying with court orders or substantive and procedural law." Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) (citing Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984)).

5

original Complaint, [Docket No. 1], and in the two supplemental exhibits to his original Complaint he filed. [Docket Nos. 16, 17]. These are the core pleadings, as well as the two additional statements included in his further proposed amendments [Docket No. 26-1], which the Court will consider in determining whether Plaintiff has stated a plausible claim upon which relief can be granted.

To withstand a futility analysis to his proposed Amended Complaint alleging race and national origin discrimination, Plaintiff must plead facts to show that he (1) is a member of a protected class, (2) was meeting his employer's legitimate job expectations, (3) suffered an adverse employment action, and (4) was treated differently than similarly situated employees who were not members of his protected class. Norman v. Union Pac. R.R. Co., 606 F.3d 455, 461 (8th Cir. 2010) (citing Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005)). The facts contained in Plaintiff's pleadings constituting his proposed Amended Complaint—as determined by this Court—when liberally construed and accepted as true with all reasonable inferences drawn in his favor must sufficiently plead each of these four elements.

Plaintiff alleges that he "was discriminated against on the basis of [his] race (black) and national original (West Africa)." (Proposed Amended Compl. [Docket No. 26-1]). It is reasonable to liberally infer that, as Plaintiff alleges he was discriminated against on the basis of his "race (black) and national original (West Africa)," he is also asserting that he is a member of both those protected classes. Defendant does not refute this inference, and it concedes that Plaintiff has satisfied the first element of his prima facie claim for discrimination. (Def.'s Reply [Docket No. 31]). It is, therefore, uncontested that Plaintiff has pled sufficient facts to demonstrate that he is a member of a protected class. See, Grant v. City of Blytheville Arkansas,

841 F.3d 767 (8th Cir. 2016) (discussing a "black male" as a member of a protected class in context of Title VII claim); Stone v. McGraw Hill Fin., Inc., 856 F.3d 1168 (8th Cir. 2017).

The Court further finds that liberally construing the facts in Plaintiff's pleadings constituting his proposed Amended Complaint—as construed by this Court—and accepting all those facts as true, he has also plead sufficient facts to demonstrate that he was meeting his employer's legitimate job expectations. Plaintiff alleges that he was performing his welding duties just as the other employees were performing them, but those other employees were not reprimanded. For example, Plaintiff asserts that "everyone lifting a head tank starts by titling the hoist" which is the same manner in which Plaintiff asserts he lifted it. (Compl. Supplement, [Docket No. 16], at 3). Moreover, in describing a situation where he was reprimanded for the procedure by which he was holding a metal sheet he was welding, Plaintiff notes that it was the same procedure everyone else used, but if he had been any other employee, it would have been "over looked with the assumption [that the other employee] knows what he is doing." (Id.). In fact, Plaintiff alleges that he actually witnessed others doing the same thing, reported them, and was informed it was not a concern. (Id.). To the extent Plaintiff concedes that he violated some safety rule, he asserts that he did so only because that rule was not provided to the employees, and he never violated any rule after the existence of the rule was brought to his attention. Taking these facts as true for the purposes of the motion to amend, it is reasonable to infer from them that Plaintiff was meeting his employer's legitimate expectations as he was performing his welding and other duties in the same manner as the other employees who were not being told they were performing their duties at a subpar level. Plaintiff's other pleadings also confirm this inference. In a document filed at the same time Plaintiff filed his Motion to Amend, Plaintiff asserts that he was praised for his workmanship and abilities several times. (Mem., [Docket No.

7

27], 2–3).[3] By way of example, Plaintiff asserts that "Greg Basta, a company supervisor, . . . came over to where [Plaintiff] was welding . . . inspected [his] welding and was impress[ed] with what he saw." (Id.). Plaintiff also describes a situation where he satisfactorily completed a welding job faster than "a senior welder who is certified to sign a finished weld job" thought a single person could complete the job. (Id. at 3).[4] These factual assertions are further consistent with Plaintiff's statements at the motion hearing that he has "never had a supervisor complain of his work," and in fact, he has been asked to help in other positions because of his exemplar work. (May 24, 2017, Motions Hearing, Digital Recording at 10:16–10:18 a.m.). Plaintiff's statement at the motions hearing clarifies that when he refers to being asked to do other tasks in his proposed Amended Complaint, it was because he was meeting or exceeding his supervisor's expectations and his assistance was needed in other areas. (See, Compl., [Docket No. 1], at 4; May 24, 2017, Motions Hearing, Digital Recording at 10:16–10:18 a.m.). Accordingly, liberally construing Plaintiff's pleadings, accepting all facts plead therein as true, and drawing all reasonable inferences in his favor, Plaintiff has sufficiently plead that he was meeting his employer's performance expectations.

---

[3] Even though this document is checked off as a "Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint" it is unclear (given the Plaintiff's pro se status, the pro forma form upon which it is printed, the lack of a unified proposed amended complaint, the timing of its being filed with the motion to amend, and the contents of the document) whether the document was intended to be a memorandum in opposition to Defendant's Motion to Dismiss, a memorandum in support of Plaintiff's Motion to Amend, or as additional facts which Plaintiff intended to be placed in his proposed amended complaint. To the extent the facts contained in Docket No. 27 were intended to be facts which should have been placed in the amended complaint, Plaintiff must include those facts in the new complete amended complaint he is directed to file below.

[4] To the extent Defendant argues that Plaintiff was not meeting his employer's reasonable expectations due to subsequent alleged safety violations leading to his termination, and to the extent Plaintiff argues those safety violations were pretextual reasons for his not being sent to training or his termination, those arguments are premature at this early stage of this litigation as they are a defense and counter rebuttal argument respectively. After the parties have had an opportunity for discovery, if Plaintiff established a prima facie case of discrimination, the Defendant must produce "a legitimate, non-discriminatory reason for the adverse employment action." Tolen v. Ashcroft, 377 F.3d 879, 882 (8th Cir. 2004). If Defendant meets that burden, "the presumption raised by the prima facie case disappears, and the burden shifts back to the plaintiff to show that the articulated reason was a pretext for discrimination. Id. Raising these substantive arguments at this early, pleading stage of the present litigation is premature.

Next, Plaintiff must plead facts which, when accepted as true, demonstrate that he suffered an adverse employment action. "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." Thomas v. Corwin, 786 F.3d 516, 528 (8th Cir. 2007) (quotations omitted) (quoting Wedow v. City of Kansas City, Mo., 442 F.3d 661, 671 (8th Cir. 2006)). "Termination, cuts in pay or benefits, and changes that affect an employee's future career prospects are significant enough to meet the standard, as would circumstances amounting to constructive discharge." Kerns v. Capital Graphics, Inc., 178 F.3d 1011, 1016 (8th Cir. 1999) (internal citations omitted) (citing Cross v. Cleaver, 142 F.3d 1059, 1073 (8th Cir. 1998); Parris v. Immanuel Med. Ctr., 92 F.3d 727, 732 (8th Cir. 1996)). In the present case, Plaintiff alleges that he suffered an adverse employment action when he was not sent to welding school, that this lack of training inhibited his ability to function in the company, and that when combined with the overall discrimination it led to his termination.[5] (Compl. Supplement, [Docket No. 16], at 1; Compl., [Docket No. 1], at 4). Moreover, Plaintiff asserts that he was also asked to do other tasks in the company besides welding because of his not being sent to welding school. (Compl., [Docket No. 1], at 4). Accepting these allegations as true, it is reasonable to infer that Plaintiff's not being sent to welding school affected his "future career prospects," as well as, his ability to increase his pay through training. This inference is consistent with Plaintiff's clarifying assertions at the motions hearing where he stated that upon completion of the welding school training, other employees received a standard pay increase in their hourly wage, and his statement that, without the training, he was prevented from moving up in the

---

[5] In his initial Complaint, it was unclear whether Plaintiff was alleging that the adverse employment action in the present action was the denial of training or Plaintiff's ultimate termination; however, at the May 24, 2017, motions hearing, Plaintiff clarified that the adverse employment actions Plaintiff complains of in the present case are the refusal to send Plaintiff to training at the welding school, as well as, his termination. (May 24, 2017, Motions Hearing, Digital Recording at 10:15–10:17 a m.).

company. (May 24, 2017, Motions Hearing, Digital Recording at 10:12–10:14 a.m.). Accordingly, Plaintiff has sufficiently pled that he suffered an adverse employment action.

Finally, Plaintiff must plead facts sufficient to demonstrate that he was treated differently than similarly situated employees who were not members of his protected class. The Supreme Court has stated that "[t]he burden of establishing a prima facie case of disparate treatment is not onerous." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). "To establish that employees are similarly situated at the prima facie stage, a party need only show that the employees engage in the same or similar conduct, but" with disparate treatment. Norman v. Union Pac. R.R. Co., 606 F.3d 455, 461 (8th Cir. 2010) (citing Wimbley v. Cashion, 588 F.3d 959, 962 (8th Cir. 2009)). In the present case, Plaintiff alleges that "all newly employed welders are sent" to welding school except him even after "those that were [hired] after [him] were sent to the welding school." (Compl., [Docket No. 1], at 4). Plaintiff also alleges that "every worker goes to the welding school" including those hired after him, and everyone continued to go except Plaintiff. Accepting these factual allegations as true for the purposes of the motion to amend and liberally construing Plaintiff's proposed amended pleadings, it is reasonable to infer that Plaintiff's assertion of "everyone" at the company and "all" employees would have included similarly situated employees who were not members of his protected class. This inference too is consistent with and clarified by Plaintiff's statement at the motions hearing that the previous classes of employees sent to training consisted of mostly Hispanic and Caucasian individuals. (May 24, 2017, Motions Hearing, Digital Recording at 10:17–10:19 a.m.). Plaintiff and the other employees were similarly-situated as they were each newly hired employees awaiting training at the welding school. Accepting these factual allegations as true for the purposes of the motion to amend, Plaintiff was treated differently than other similarly situated employees who were not

10

members of his protected class because they were each sent to the welding school while Plaintiff was denied training at the welding school.

While it may be that Plaintiff discrimination claim will not survive Rule 56 summary judgment motion after appropriate discovery, contrary to Defendant's intimations, that ultimate determination is better left for a later disposition. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556 (internal quotations and citations omitted). At this early point of the present litigation, the Court concludes that Plaintiff has alleged a set of facts that when accepted as true could support a claim for discrimination in violation of Title VII, and therefore, his proposed *pro se* Amended Complaint, as liberally construed by the Court, is not futile.

Additionally, allowing Plaintiff to file an Amended Complaint will not result in any undue delay as a Rule 16 scheduling order is not yet in place in this case. There is also no evidence that the motion to file an Amended Complaint was made in bad faith or that it is a repeated attempt to cure a previously highlighted deficiency. Therefore, Plaintiff's Motion to Amend, [Docket No. 26], is **GRANTED**.

Having granted Plaintiff's Motion to Amend one more issues warrants discussion regarding his Motion to Amend.

Local Rule 15.1 requires that motions to amend a complaint be accompanied by a copy of the proposed Amended Complaint. D. Minn. LR 15.1. Moreover, the proposed Amended Complaint "must be complete in itself and must not incorporate by reference any prior pleading." Id. Plaintiff failed to submit his proposed amended complaint in proper form. While Plaintiff submitted a document entitled First Amended Complaint, it is only a portion of the factual

allegations Plaintiff seeks to add to his original Complaint without any reference to the other factual allegations he appears to seek to add or to the previously pled factual allegations and supplemental exhibits which make up his original Complaint. The Court will overlook this failing on this single occasion; however, Plaintiff is cautioned that even as a *pro se* litigant he is required and expected to comply with all rules of this Court, as well as, all substantive and procedural law. Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).[6]

Accordingly, Plaintiff is directed to file a new, complete Amended Complaint as a separate document which contains all of the facts from his original Complaint, previously supplemented exhibits, and motion to amend which Plaintiff wishes to plead in support of his claim and consistent with this Order. Plaintiff must file his entirely new, complete Amended Complaint by no later than July 15, 2017. Defendant must answer or otherwise respond to the Amended Complaint within twenty-one days of it being filed and in any event no later than August 5, 2017.

### III. DEFENDANT'S MOTION TO DISMISS. [DOCKET NO. 4].

Having granted Plaintiff's Motion to Amend, [Docket No. 26], and directed Plaintiff to file an Amended Complaint, the Court now turns to Defendant's Motion to Dismiss. [Docket No. 4].

"[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's Motion to Dismiss moot." Onyiah v. St. Cloud Univ., 655 F. Supp. 2d 948, 958 (D. Minn. 2009) (citing Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002). In the present

---

[6] In an effort to facilitate this compliance, Plaintiff is directed to the Pro Se Civil Guidebook which can be obtained at the Clerk's office or online at http://www mnd.uscourts.gov/Pro-Se/GuideAndInfo.shtml.

case, the grant of Plaintiff's Motion to Amend and his being directed to file an Amended Complaint renders Defendant's Motion to Dismiss, [Docket No. 4], moot. See, Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, [plaintiff's] motion to amend the complaint rendered moot [defendant's] motion to dismiss the original complaint."); Skky, LLC v. Facebook, Inc., 16-cv-94 (WMW/FLN), 2016 WL 6915312, at *2 (D. Minn. May 18, 2016).

Therefore, the Court recommends that Defendant's Motion to Dismiss, [Docket No. 4], be **DENIED without prejudice as moot**.

## IV. CONCLUSION

For the foregoing reasons, and based on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Amend, [Docket No. 26], is **GRANTED;**

2. Plaintiff must file his entirely new, complete Amended Complaint by no later than **July 15, 2017**; and

3. Defendant must answer or otherwise respond to the Amended Complaint within twenty-one days of it being filed and in any event no later than **August 5, 2017**.

For the foregoing reasons, and based on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendant's Motion to Dismiss, [Docket No. 4], be **DENIED without prejudice as moot**.

Dated: June 14, 2017                                   s/Leo I. Brisbois
                                                                   Leo I. Brisbois
                                                                   U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).