UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Clifford Thompson,                                           File No. 16-cv-4024 (JRT/LIB)

        Plaintiff,

v.                                                                       **REPORT AND RECOMMENDATION**

Westmor Industries LLC,

        Defendant.

      This matter comes before the undersigned United States Magistrate Judge upon Defendant's Motion for Summary Judgment, [Docket No. 100], and Plaintiff's Motion for Summary Judgment, [Docket No. 115], as well as, upon referral from the Honorable John R. Tunheim. (Orders of Reference [Docket Nos. 114, 121]). A hearing was held on August 23, 2018, after which the parties' Motions were taken under advisement. [Docket No. 142].

      For the reasons discussed herein, the undersigned recommends that Defendant's Motion for Summary Judgment, [Docket No. 100], be **GRANTED**; that Plaintiff's Motion for Summary Judgement, [Docket No. 115], be **DENIED**; and that the present action be **DISMISSED with prejudice**.

**I.     Relevant History and Facts**

      On November 29, 2016, Plaintiff initiated the present case by filing his *pro se* Complaint. [Docket No. 1]. On July 14, 2017, after this Court gave Plaintiff leave to do so, Plaintiff filed an Amended Complaint. [Docket No. 38]. After again being given leave to do so, on February 6, 2018, Plaintiff filed a Second Amended Complaint, [Docket No. 91], which added as requested relief a request for emotional damages.

In his Second Amended Complaint, Plaintiff alleges that Defendant discriminated against him in violation of Title VII of the Civil Rights Act of 1964. (See, Id.). In general, Plaintiff alleges that every new hire at Westmor was sent to welding school except him, and he alleges that this failure to send him to welding school was due to his race and national origin. (See, Id.).

Plaintiff specifically alleges that he "was discriminated against on the basis of [his] race (black) and national original (West Africa)" when Defendant failed to send him to welder training school where it sent all other new employees. (Second Amended Compl., [Docket No. 91], at 6). Plaintiff asserts that he was "treated less favorably than [his] peers not in [his] protected class when [his] work was scrutinized, even though [his] work performance met Westmor's legitimate expectations." (Id.).

Liberally construing Plaintiff's Second Amended Complaint, he also appears to allege that he "was discriminated against on the basis of [his] race (black) and national original (West Africa)" when he was terminated. (Id.). Plaintiff asserts that he was discharged for the manner in which he performed his job "and the rest of the Westmore workers that performed the same task of moving [and] dropping metal sheets in the same way were not discharged." (Id.). Plaintiff alleges that since he was not trained as a welder he was used for other jobs including the position of "blaster." (Id.). However, Plaintiff asserts that he was never trained to perform the blaster job, and so, he simply performed the job in the manner he saw others performing the job. (Id.). Plaintiff alleges that although he and the other employees performed the tasks in a similar manner he was the only employee discharged for doing so. (Id.).

On May 24, 2018, Defendant filed its Motion for Summary Judgment. [Docket No. 100]. And on May 30, 2018, Chief Judge John R. Tunheim referred Defendant's Motion for Summary Judgement to the undersigned. (Order of Reference [Docket No. 114]).

On June 1, 2018, Plaintiff filed his Motion for Summary Judgement. [Docket No. 115]. On June 5, 2018, Chief Judge John R. Tunheim referred Plaintiff's Motion for Summary Judgement to the undersigned. (Order of Reference [Docket No. 121]).

## II.   Standard of Review

Summary judgment is appropriate when the evidence demonstrates that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Smutka v. City of Hutchinson, 451 F.3d 522, 526 (8th Cir. 2006). As the Eight Circuit Court of Appeals has explained:

> Summary judgment should be granted if the evidence, viewed in the light most favorable to the nonmoving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. A party opposing summary judgment may not rest upon mere allegations or denials contained in the pleadings, but must, by sworn affidavits and other evidence, set forth specific facts showing that there is a genuine issue for trial.

Mehrkens v. Blank, 556 F.3d 865, 868-69 (8th Cir. 2009) (citations omitted). The evidence must be viewed in the light most favorable to the nonmoving party, and the nonmoving party must be given the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp., 950 F.2d 566, 569 (8th Cir. 1991). However, the "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007).

Nevertheless:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party does so, the nonmoving party must "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324.

A disputed fact is "material" if it might affect the outcome of the case, and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, "[w]here the moving party fails to satisfy its burden to show initially the absence of a genuine issue concerning any material fact, summary judgment must be denied even if no opposing evidentiary matter is presented." Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 393 (8th Cir. 1986).

"Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 526–27 (8th Cir. 2007). While the burden of demonstrating the absence of any genuine issue of material fact rests on the moving party, the nonmoving party may not rest on mere allegations or denials in their pleadings, but the non-moving party must set forth specific admissible evidence-based facts showing the existence of a genuine issue. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002). "Naked assertions, unsubstantiated by the record," made in rebuttal do not amount to sufficient evidence to preclude summary judgment. Dutton v. University Healthcare Sys., L.L.C., 136 Fed. App'x 596 (5th Cir. 2005) (unpublished decision); see also, Simms v. McDowell, No. 4:08cv–60–M, 2009 WL 3160353, at *5 (W.D.Ky. Sept. 25, 2009) (holding that speculation that someone lied in an affidavit is "insufficient to defeat a motion for summary judgment."). "A properly supported motion for summary judgment is not defeated by self-serving affidavits." Frevert v. Ford Motor Co., 614 F.3d 466, 473 (8th Cir. 2010) (quoting Bacon v. Hennepin Cty. Med. Ctr., 550 F.3d 711, 716 (8th Cir. 2008)). "Rather, the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Id. at 473–74. A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that

4

would permit a finding in the plaintiff's favor. Wilson v. Int'l Bus. Mach. Corp., 62 F.3d 237, 241 (8th Cir. 1995); Smith v. International Paper Co., 523 F.3d 845, 848 (8th Cir. 2008). "If the moving party supports the motion with evidence, the opposing party must rebut it or the court can consider the fact undisputed." Irish v. U.S. Dept. of Justice, Civ. No. 11-2703 (MJD/JJK), 2013 WL 451314, at *2 (D. Minn. Jan. 3, 2013) (citing Fed. R. Civ. P. 56(e)(2)), adopted by, 2013 WL 452576, rev'd on other grounds, 564 Fed. App'x 259 (8th Cir. 2014).

In addition, a movant is entitled to summary judgment where the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Under such circumstances, no genuine issue of fact exists because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. If the nonmoving party relies on conclusory allegations, and fails to present evidence supporting a necessary element of a claim, then that claim cannot survive summary judgment. Beyer v. Firstar Bank, N.A., 447 F.3d 1106, 1108 (8th Cir. 2006).

While the Court is required to construe the content within Plaintiff's pleadings liberally as he is proceeding *pro se*, Plaintiff is nevertheless bound by applicable procedural and substantive law. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law."); Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) ("Pro se litigants are not excused from complying with court orders or substantive and procedural law.") (citing Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984)). The claims of a plaintiff, even a *pro se* plaintiff, cannot survive a motion for summary judgment unless the plaintiff has set forth specific

admissible facts demonstrating that there is a genuine issue for trial. See, Quam v. Minnehaha Cty. Jail, 821 F.2d 522, 522 (8th Cir. 1987).

**III.   Defendant's Motion for Summary Judgment. [Docket No. 100].**

Defendant seeks an Order of this Court granting summary judgment in its favor on all of Plaintiff's claims in the present case. (Def.'s Mot. [Docket No. 100]). Defendant asserts that Plaintiff "cannot establish sufficient material facts to support a prima facie claim that he was subject to discrimination in violation of Title VII of the Civil Rights Act of 1964 based on his race or national origin in either: (1) not being chosen to attend welding school; or (2) in his termination." (Id.). In the alternative, Defendant asserts that it "had a legitimate non-discriminatory reason for its choices concerning Plaintiff's employment," and Plaintiff cannot "identify any facts that would establish that Defendant's basis for its employment decisions involving him are pretextual." (Id.).

For his part, Plaintiff contends the discrimination by Defendant was obvious, and that obvious discrimination demonstrates that the alleged reasons for termination were pretextual.

As observed above, Plaintiff brings a Title VII claim alleging he was denied being sent to welding school and eventually had his employment terminated because of his race and national origin. Title VII makes it unlawful for an employer "to discharge any individual, or otherwise discriminate against any individual with respect to  his compensation, terms, condition, or privileges of employment, because of such individual's race . . . or national origin." 42 U.S.C. § 2000e-2(a).

A plaintiff raising a Title VII claim based on race or national origin can survive summary judgment either by offering direct or indirect evidence of discrimination. See, Fjelsta v. Zogg Dermatology, PLC, 488 F.3d 804, 809–10 (8th Cir. 2007). Direct evidence is "evidence showing

6

a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." Id. (quoting Griffith v. City of Des Moines, 387 F.3d 733, 736 (8th Cir. 2004)).

Viewing the record in the present case in the light most favorable to Plaintiff (the non-moving party), there is no direct evidence demonstrating that Defendant discriminated against Plaintiff on the basis of his race or national origin. Although Plaintiff asserts that at an unspecified point during Plaintiff's employment at Westmor a maintenance co-worker named "Steve" told Plaintiff that he should be thankful for all the opportunities the United States had provided Plaintiff, (see, August 23, 2018, Motions Hearing, Digital Record, at 10:56–10:58 a.m.), Plaintiff fails to provide any evidence demonstrating a specific link between the comment by "Steve" and Plaintiff's termination or his not being sent to welding training. Plaintiff fails to present admissible evidence demonstrating that "Steve" was involved in any decision making process regarding Plaintiff's employment, that "Steve" exercised any control over those persons involved in that decision making process, or that persons exercising any control over Plaintiff's employment were even aware of the comment by "Steve."

Therefore, the Court finds that Plaintiff has failed to present any direct evidence demonstrating that Defendant discriminated against Plaintiff on the bases of his race or national origin. As noted above, however, this does not end the Court's analysis. Instead, the Court must analyze Plaintiff's claims for indirect evidence of discrimination under the McDonnell Douglas framework. When analyzing indirect evidence, the Court applies the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Griffith v. City of Des

Moines, 387 F.3d 733, 736 (8th Cir. 2004); Burchett v. Target Corp., 340 F.3d 510, 516–17 (8th Cir. 2003).

The McDonnell Douglas framework provides that the employee bears the initial burden of establishing a prima facie case of discrimination, after which the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its action. McGinnis v. Union Pac. R.R., 496 F.3d 868, 873 (8th Cir. 2007). To establish a prima facie case of race or national origin discrimination, Plaintiff must show: (1) he is a member of a protected class; (2) he was meeting Westmor's legitimate expectations; and (3) he suffered an adverse employment action under circumstances that give rise to an inference of unlawful discrimination. Box v. Principi, 442 F.3d 692, 696 (8th Cir. 2006) (citing Gilmore v. AT&T, 319 F.3d 1042, 1046 (8th Cir. 2003)); Muor v. U.S. Bank Nat. Ass'n, 10-cv-3786 (JRT/JJK), 2012 WL 2449925, at *6 (D. Minn. June 27, 2012) (citing Anderson v. Durham D&M, LLC, 606 F.3d513, 520 (8th Cir. 2010)). "Once this prima facie case is established, the burden shifts to the employer to provide a legitimate reason for the adverse employment action. Then, the burden shifts back to the employee to demonstrate that the reason articulated by the employer was a pretext." Gilmore v. AT&T, 319 F.3d 1042, 1046 (8th Cir. 2003).

There is no dispute in the present case that Plaintiff is a member of a protected class. Plaintiff is "black" and has a national origin of "West Africa."

The second factor of the McDonnell Douglas framework requires Plaintiff to demonstrate he was performing his job at a level that met his employer's legitimate expectations. Judge v. Susee, 5-cv-214 (PAM/JSM), 2006 WL 463534, at *5 (D. Minn. Feb. 24, 2006) (citing Erenberg v. Methodist Hosp., 357 F. 3d 787, 793 (8th Cir. 2004); Richmond v. Bd. of Regents of Univ. of Minn., 957 F.2d 595, 598 (8th Cir. 1992)).

Plaintiff asserts he was meeting Westmor's legitimate expectations. In support of this assertion, Plaintiff further suggests that he received several positive comments on his ability to weld. Plaintiff does not, however, provide any admissible evidence in support of this assertion; he relies only upon his own allegations.

Defendant contends that Plaintiff was not meeting Westmor's legitimate expectations because Plaintiff had received a number of safety violation reprimands. Defendant further contends that when these safety violation reprimands were discussed with Plaintiff during his employment, Plaintiff treated the safety violations in a nonchalant manner.

For his part, Plaintiff does not deny that he received the safety violation reprimands. Plaintiff does, however, assert that the safety violations occurred because he was not provided with training on the proper use of the equipment. Plaintiff further asserts that he operated the equipment in the same manner as other employees be observed, but he was the only employee to received reprimands for safety violations.

However, even if the Court, without deciding, assumed for the purpose of the present Motion that Plaintiff was meeting Westmor's legitimate expectations, Plaintiff fails to demonstrate other essential elements of his discrimination claim. That failure is fatal to Plaintiff's Title VII claim.

For example, even assuming, solely for the sake of argument, Plaintiff had established he was meeting Westmor's legitimate expectations, Plaintiff has failed to present sufficient admissible evidence demonstrating by not being sent to welding school he suffered an adverse employment action under circumstances that give rise to an inference of unlawful discrimination. To establish "an adverse employment action an employee must show a 'tangible change in duties or working conditions that constitute a material employment disadvantage.'" Moisant v. Air

9

Mindwest, Inc., 291 F.3d 1028, 1031 (8th Cir. 2002) (quoting Manning v. Metropolitan Life Ins. Co., 127 F.3d 686, 692 (8th Cir. 1997)). Plaintiff asserts that he suffered an adverse employment action when he was not sent to welding school, as well as, when his employment at Westmor was later terminated.

Plaintiff first contends that Defendant's failure to send him to welding school constitutes an adverse employment action. However, "[a]n employer's denial of an employee's request for training is not, without more, an adverse employment action." Box v. Principi, 442 F.3d 692, 696 (8th Cir. 2006). In the present case, it does not even appear from the record presently before the Court that Plaintiff affirmatively requested to be sent to welding school, or that any request for training by Plaintiff was denied. (See, Second Amended Compl. [Docket No. 64]). Rather, it appears from the record before the Court that while other employees were selected to be sent to welding school, Plaintiff was not selected. (See, Id.). Plaintiff does not allege that Westmor ever affirmatively denied a request by Plaintiff to be sent to welding school. (See, Id.). Plaintiff's not being selected for welding school, standing alone, is not an adverse employment action. See, Box, 442 F.3d at 696.

Plaintiff further asserts that he suffered an adverse employment action because by being the only employee not sent to welding school he was the only employee who failed to receive the increase in hourly pay an employee allegedly gets upon completion of welding school training. Plaintiff, however, fails to submit any admissible evidence demonstrating that all other employees besides himself were sent to welding school. Plaintiff, in fact, fails to present any evidence demonstrating which employees were in fact sent to welding school.

Defendant, on the other hand, has provided the sworn declaration of Scott Arndt, Director of Human Resources for Superior Industries, which provides that "[n]ot all Westmor employees

10

are sent to welding school." (Arndt Decl., [Docket No. 103], at ¶ 14). Mr. Arndt further provided that "[a]t least three white employees in the Tank Shop at Westmor who have worked as assemblers for over a year and have 1G certification," like Plaintiff, "have not attended welding school." (Supp. Arndt Decl., [Docket No. 137], at ¶ 2). Plaintiff has not provided any admissible evidence to contradict Mr. Arndt's declarations. Accordingly, the unrebutted evidence in the record demonstrates that Plaintiff was not the only employee who Defendant failed to select for welding school.

Similarly, Plaintiff fails to present admissible evidence demonstrating that all employees who completed the welding school also received an increase in pay. In fact, Plaintiff failed to present any admissible evidence demonstrating that any employee who completed the welding school in fact received an increase in pay. On the other hand, Defendant, again through the sworn declaration of Mr. Arndt, provides admissible evidence demonstrating that "[n]ot all employees who go through welding training receive an increase in their hourly wage." (Arndt Decl., [Docket No. 103], at ¶ 14). Although Defendant concedes that approximately 80% of employees who go through welding training receive some increase in their hourly wage, this still demonstrates admissible evidence in contradiction to Plaintiff unsupported mere allegation that all other employees besides himself attended welding school and received an increase in their hourly wage. (See, Id.). Accordingly, the unrebutted evidence in the record demonstrates that Plaintiff was not the only employee who failed to receive an increase in his hourly pay.

Therefore, the Court finds that Plaintiff has failed to provide admissible evidence to create a genuine dispute of material fact that Defendant's failure to select Plaintiff to attend welding school constitutes an adverse employment action under circumstances that gives rise to an indirect inference of unlawful discrimination.

Plaintiff also asserts that the termination of his employment with Westmor constitutes an adverse employment action under circumstances giving rise to an indirect inference of unlawful discrimination.

Termination of one's employment may, under certain circumstances, constitute an adverse employment action; however, Plaintiff must demonstrate that his termination occurred under circumstance giving rise to an inference of unlawful discrimination. To do so, Plaintiff must establish a "casual connection" between the adverse employment action and his race or national origin. See, Burchett v. Target Corp., 340 F.3d 510, 519 (D. Minn. Aug. 13, 2003); Box v. Principi, 442 F.3d 692, 696 (8th Cir. 2006). A plaintiff may do so by showing that a similarly situated "nonmember of the protected class . . . was not subjected to the adverse employment action." Smith v. Datacard Corp., 9 F. Supp. 2d 1067, 1079 (D. Minn. June 24, 1998).

In support of his allegations that his termination occurred under circumstance giving rise to an inference of unlawful discrimination, Plaintiff provides only his own generalized assertions that the discrimination in the present case is obvious.[1] Plaintiff does assert that at some point

---

[1] Although Plaintiff fails to provide the Court with any admissible evidence, Plaintiff did file several documents. However, it is unclear if he intended those documents in support of his Motion for Summary Judgment, in opposition to Defendant's Motion for Summary Judgment, in support of his previous Motion to Compel, or some combination thereof. In any event, the Court does not address those documents at length beyond this footnote as they do little more than repeat the mere allegations in Plaintiff's Second Amended Complaint and current Memorandum, and they provide no admissible evidence. For example, at the same time Plaintiff filed his Motion for Summary Judgment, Plaintiff filed a document he entitled "Plaintiff's response to Scott Arndt Declaration," [Docket No. 120], as well as, a document he entitled "An Appeal to the Court," [Docket No. 124]; however, both of these documents refer to Plaintiff's previous Motion to Compel which has already been addressed by this Court. (See, Order [Docket No. 135]). On July 5, 2018, Plaintiff filed 141 pages of what he characterizes as exhibits; however, with the exception of a single page which indicated that Plaintiff was paid $14.00 per hour in May 2014, the filings consist entirely of articles and book excerpts regarding racism in the United States. (See, Exhibits [Docket No. 134]). On July 19, 2018, Plaintiff filed an Exhibit, [Docket No. 140], consisting of Unemployment Law Judge David Huber's opinion explaining why Plaintiff was "not ineligible for unemployment benefits." On August 14, 2018, Plaintiff filed several pages of his deposition which he asserts Defendant omitted from its filing because the pages demonstrate his emotional distress, as well as, that he was meeting Westmor's legitimate expectation. (See, Plf.'s Decl. [Docket No. 141]). On September 4, 2018, Plaintiff untimely filed documents asserting that he had previously asked Defendant for the names of all employees who had attended welding training, but Defendant objected to the discovery request and further refused to provide the information until Plaintiff signed a confidentiality agreement. (See, Plf.'s Decl. [Docket No. 143]; Plf.'s Notice [Docket No. 144]). Plaintiff, however, did not attempt to compel

during his employment, a maintenance worker named "Steve" told Plaintiff he should be grateful for all the opportunities the United States had provided for Plaintiff. (See, Riethof Decl. Ex. 1, [Docket No. 106], at 120, 125; August 23, 2018, Motions Hearing, Digital Record, at 10:56–10:58 a.m.).

On the record presently before the Court, Plaintiff has failed to provide admissible evidence demonstrating a reasonable inference that there is a causal connection between his termination and his race or national origin. While the mere allegations presented by Plaintiff may have been "sufficient to survive a motion to dismiss," they "fail in the context of summary judgment." See, Smith, 9 F. Supp. 2d at 1079; Johnson v. Xpedx, 3-cv-2630 (PAM/RLE), 2004 WL 245305, at *4 (D. Minn. Oct. 24, 2004).

For example, Plaintiff has failed to present any admissible evidence demonstrating that anyone involved with the decision to terminate his employment ever made any comments, disparaging or otherwise, regarding Plaintiff's race or national origin. Likewise, Plaintiff fails to present any admissible evidence demonstrating that anyone with influence over those persons making decision regarding Plaintiff's employment ever made any comments, disparaging or otherwise, regarding Plaintiff's race or national origin.

The only evidence Plaintiff offers of any Westmor employee making any kind of arguably disparaging comment about Plaintiff is his own deposition testimony that, at some unspecified point in time during Plaintiff's employment, a Westmor maintenance co-worker named "Steve" allegedly told Plaintiff that he should be grateful for the opportunities the United States had provided him. (Riethof Decl., Ex. 1, [Docket No. 106], at 120, 125; August 23, 2018, Motions Hearing, Digital Record, at 10:56–10:56 a.m.). Although such comments when

---

Defendant to provide this information. Plaintiff's filings repeat many of the mere allegations Plaintiff has made throughout the present case, but these assertions do not constitute admissible evidence.

13

presented in a disparaging nature are not to be condoned, when comments are "vague and remote in time and administrative hierarchy, they are not more than stray remarks, which are insufficient to establish discrimination." Smith, 9 F. Supp. 2d at 1079. This is further highlighted in the present case because Plaintiff admitted in his deposition testimony that he never reported "Steve's" comment to management or Human Resources. (Riethof Decl., Ex. 1, [Docket No. 106], at 125–26). Plaintiff makes no argument, and there is no evidence in the record now before the Court indicating, that as a maintenance co-worker "Steve" played any part in decisions regarding Plaintiff's employment, that "Steve" was able to assert any influence over persons with decision making capabilities regarding Plaintiff's employment, nor that anyone with authority over Plaintiff's termination was ever aware of the comment Plaintiff attributes to "Steve."

Similarly, Plaintiff has failed to present admissible evidence demonstrating that a similarly situated nonmember of his protected class was not subject to termination under similar circumstances. Plaintiff, in fact, has failed to present any admissible evidence regarding the employment status of any other Westmor employee whatsoever. Without such admissible evidence, no reasonable jury could find Plaintiff was treated differently that a similarly situated employee, and therefore, Plaintiff has failed to demonstrate any indirect evidence to establish a reasonable inference of a causal connection between his termination and his race or national origin. See, Takele v. Mayo Clinic, 576 F.3d 834, 838–39 (8th Cir. 2009) (providing that plaintiff had failed to establish another individual was similarly situated where no reasonable jury could find them so).

Accordingly, the undersigned finds that, even if the Court assumed solely for the sake of argument that Plaintiff was meeting Westmor's legitimate expectations, Plaintiff has failed to present sufficient admissible evidence demonstrating that he suffered an adverse employment

action under circumstance that give rise to any reasonable inference of unlawful discrimination. Because he has failed to successfully demonstrate this essential element of his discrimination claim, Plaintiff's overall Title VII discrimination claim necessarily fails. See, Celotex Corp., 447 U.S. at 322.

The foregoing discussion could legitimately end the Court's analysis of Defendant's Motion for Summary Judgment; however, in an abundance of caution, the Court will briefly address additional issues adversely affecting Plaintiff's claims.

Even if the Court were to assume solely for the sake of argument that Plaintiff had met his initial burden by demonstrating he met Westmor's legitimate expectations and suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination, the undersigned would still recommend Defendant's Motion for Summary Judgment be granted. Defendant has provided admissible evidence demonstrating a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

Defendant submitted copies of the several safety violation reprimands Plaintiff received while he was employed at Westmor. (Basta Decl., [Docket No. 105], at Exs. F, G, H, I, J, K). Although Plaintiff concedes he received these safety violation reprimands, in response he merely asserts he only received them because Defendant failed to provide Plaintiff with proper training. Plaintiff's disagreement with the reasons underlying the safety violation reprimands does not alter the fact that the safety violation reprimands represent a legitimate, non-discriminatory reason to terminate Plaintiff's employment. "Even if the Defendant[] erred in [its] conclusion, 'courts do not review the wisdom or fairness of employers' business judgment, other than to determine whether they involved intentional unlawful discrimination." Judge v. Susee, 5-cv-214 (PAM/JSM), 2006 WL 463534, at *6 (D. Minn. Feb. 24, 2006) (citing Lee v. Rheem Mfg. Co.,

15

432 F.3d 849, 854 (8th Cir. 2005). Even if Defendant failed to train Plaintiff on proper safety procedures for equipment he was using, and then proceed to terminate Plaintiff's employment for violation of a safety procedure, that alone does not constitute discriminatory animus; Plaintiff fails to even allege (much less provide any admissible evidence) that others were provided with safety training of which he was deprived. Moreover, Defendant further provided several as exhibits in support of its Motion for Summary Judgment attendance rosters for safety training sessions which indicate Plaintiff attended those safety training sessions. (Arndt Decl., [Docket No. 103], at Exs. B, C, D). Plaintiff fails to offer any evidence indicating he did not attend these training sessions.

This unrebutted evidence of training sessions attended by Plaintiff demonstrates that Plaintiff did, in fact, receive some safety training, and other unrebutted evidence in the record demonstrates that Defendant issued reprimands to Plaintiff for safety violations. Together this unrebutted evidence in the record now before the Court demonstrates that Defendant had a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

Plaintiff also appears to argue that the safety violation reprimands were merely a pretext for the termination of his employment. Even assuming solely for the sake of argument that Plaintiff could establish a prima facie case of race and national origin discrimination, Plaintiff has failed, through the lack of submission of admissible evidence, to demonstrate Defendant's proffered reasons for terminating Plaintiff's employment was merely pretext for unlawful discrimination.

To avoid summary judgment by showing that a defendant's reasons for terminating him were a pretext, a plaintiff must come forward with admissible evidence calling into doubt defendant's reasons and creating a genuine issue that discrimination was the real reason for his

16

termination. See, Gibson v. Am. Greetings Corp., 670 F.3d 844 ,856 (8th Cir. 2012); Haigh v. Gelita USA, Inc., 632 F.3d 464, 470 (8th Cir. 2011) ("[T]he showing of pretext necessary to survive summary judgment requires more then merely discrediting an employer's asserted reasoning for terminating an employee: A plaintiff must also demonstrate that the circumstances present a reasonable inference of discriminatory animus."). Neither a plaintiff's explanation for why he disagrees with the employer's reason for termination, nor a plaintiff's alleged justification for the cause underlying that reason for termination, is evidence that creates a genuine issue of fact as to whether the employer's reason was pretext. See, Id. A plaintiff's "perception of how he was treated, without at least some statement or action on [defendant's] part, or some other supporting evidence, does not give rise to an inference that [the plaintiff] was suspended or terminated based on unlawful considerations." Hoang v. Seagate Tech., LLC, No. 3-cv-3090 (JRT/FLN), 2004 WL 2066828, at *5 (D. Minn. Sept. 3, 2004) (citing Griffin v. Super Valu, 218 F.3d 869, 872 (8th Cir. 2000) (providing that a plaintiff's unsupported assertions of unfair treatment or discriminatory treatment are not sufficient to support a claim for discriminatory treatment.)). In the present case, Plaintiff cannot overcome this high hurdle.

For the reasons discussed herein, the Court finds that Plaintiff has not presented any admissible evidence demonstrating that the stated reasons for the termination of his employment were pretextual and otherwise occurred under circumstances which present a reasonable inference of discriminatory animus. Although Plaintiff asserts that he completed his work in the same manner he observed other employees perform, he does not provide any admissible evidence demonstrating that any member of management, or any person involved in making the decision to terminate Plaintiff's employment, ever observed another employee commit any safety violation without reprimand under circumstances similar to Plaintiff. The Court again notes that

while Plaintiff's mere allegations regarding the purported conduct of other co-workers may have been "sufficient to survive a motion to dismiss," those mere assertions, in the absence of admissible evidence thereof, "fail in the context of summary judgment." See, Smith, 9 F. Supp. 2d at 1079.

Even if other employees had performed tasks in an allegedly unsafe manner similar to that which Defendant asserts Plaintiff did, that alone does not demonstrate that Defendant's termination of Plaintiff's employment was merely pretext for unlawful discriminatory animus. The question is not whether Plaintiff was or was not performing his job in an unsafe manner warranting safety violation reprimands, but rather, whether Defendant in good faith believed that to be true. See, Pulczinski v. Trinity Structural Towers, Inc., 691 F.3d 996, 1002–03 (8th Cir. 2012) ("[E]ven if the [employer's action] was ill-considered or unreasonable, provided that the decision maker honestly believed the nondiscriminatory reason he gave for the action, pretext does not exist.") (citation omitted); see also, Evance v. Truman Health Servs., LLC, 719 F.3d 673, 678 (8th Cir. 2013) ("[I]t is not unlawful for a company to make employment decisions based on erroneous information and evaluations.") (citations omitted). Plaintiff has failed to present sufficient admissible evidence to demonstrate Defendant lacked a good faith basis to believe its reasons for terminating Plaintiff's employment were appropriate.

Accordingly, for the reasons stated above, the undersigned recommends that Defendant's Motion for Summary Judgement, [Docket No. 100], be **GRANTED**, and the present action be dismissed with prejudice.

### IV. Plaintiff's Motion for Summary Judgment. [Docket No. 115].

Plaintiff's Motion for Summary Judgment, [Docket No. 115], seeks an Order of this Court finding that Plaintiff is entitled to judgment on his Title VII discrimination claim. In

support of his Motion, Plaintiff again merely repeats the allegations he previously made throughout the present case and in opposition to Defendant's Motion for Summary Judgment. (See, Plf. Mot. for Summary Judgment [Docket No. 115]; Plf.'s Mem. [Docket No. 117]; Plf. Mem. in Opposition to Def.'s Mot. for Summary Judgment [Docket No. 123]).

The undersigned has already addressed these mere allegations above and found them unavailing. The Court need not address them again here.

Therefore, for all the reasons stated above, the undersigned recommends that Plaintiff's Motion for Summary Judgment, [Docket No. 115], be **DENIED**.

## V. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant's Motion for Summary Judgment, [Docket No. 100], be **GRANTED**;

2. Plaintiff's Motion for Summary Judgment, [Docket No. 115], be **DENIED**; and

3. The present action be **DISMISSED WITH PREJUDICE**.


Dated: October 17, 2018                     s/Leo I. Brisbois
                                            Leo I. Brisbois
                                            United States Magistrate Judge

## **N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).