# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CLIFFORD THOMPSON, | Civil No. 16-4024 (JRT/LIB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| WESTMOR INDUSTRIES LLC, | |
| Defendant. | |

Clifford Thompson, 25417 County Road 1, Hancock, MN 56244, *pro se* plaintiff.

Bradley J. Lindeman and Melissa Dosick Riethof, **MEAGHER & GEER, PLLP**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, for defendant.

Plaintiff Clifford Thompson brought this action against Westmor Industries LLC ("Westmor"), his former employer, alleging that Westmor discriminated against him in violation of Title VII of the Civil Rights Act of 1964. (2d Am. Compl. at 3-4, Dec. 5, 2017, Docket No. 64.) Thompson alleges that Westmor discriminated against him "on the basis of [his] race (black) and national origin (West Africa)." (*Id.* at 6.) He alleges that he suffered adverse employment actions when Westmor scrutinized his work, did not send him to welding school, and terminated him. (*See id.* at 4.)

Presently before the Court is the report and recommendation ("R&R") of U.S. Magistrate Judge Leo I. Brisbois recommending that the Court grant Westmor's Motion for Summary Judgment and deny Thompson's Motion for Summary Judgment. (R&R,

Oct. 17, 2018, Docket No. 147.) Thompson objects. (Objs., Nov. 5, 2018, Docket No. 148.)

Because the Magistrate Judge did not clearly err in determining that Westmor is entitled to summary judgment in this case, the Court will overrule Thompson's Objections and adopt the R&R.

**DISCUSSION**

**I.     STANDARD OF REVIEW**

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Proper objections should "specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (internal quotations omitted). Objections that "merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Id.*

Upon thorough review of Thompson's objections, the Court finds that they repeat arguments presented to and considered by the Magistrate Judge when he issued the R&R. As such, the Court will review Thompson's objections for clear error. Nevertheless, even reviewing the objections de novo, the Court would overrule them and adopt the R&R.

## II.     THOMPSON'S OBJECTIONS

Thompson notes that: (1) all the employees of Westmor that move metal sheets do so in the same way that he did; (2) Westmor does not dispute that it has no written policy on how to conduct this task; (3) Thompson was never trained to conduct this task; and (4) the only way for him to learn how to do this task was to watch other employees. (Objs. at 1, 5, 10; *see also* Pl.'s Reply at 2-3, Dec. 4, 2018, Docket No. 155.) The Magistrate Judge considered these facts but found that, "[e]ven if Defendant failed to train Plaintiff on proper safety procedures for equipment he was using, and then proceed[ed] to terminate Plaintiff's employment for violation of a safety procedure, that alone does not constitute discriminatory animus." (R&R at 16.) The Magistrate Judge found that Thompson failed to even allege that other employees were provided with training of which he was deprived. (*Id.*) These findings are not clearly erroneous, and Thompson's objections will be overruled.

Thompson alleges that employees who were not members of his protected class conducted tasks the same way he did, yet his method was labeled unsafe while theirs was not. (Objs. at 1, 3, 5.) The Magistrate Judge considered this argument and did not clearly err in finding no evidence of discriminatory animus. The Magistrate Judge noted that Thompson did not provide any admissible evidence that Westmor employees involved in the decision to terminate him had ever observed another employee commit a safety violation without reprimand under similar circumstances. (R&R at 17.) Thompson's objections on this issue will be overruled.

Thompson makes numerous arguments regarding Westmor's proffered reasons for not sending him to welding school. (Objs. at 3-5, 7; Pl.'s Reply at 1-2.)[1] However, none of these arguments disturb the Magistrate Judge's reasons for finding that Westmor is entitled to summary judgment. The Magistrate Judge found that Thompson had not provided evidence to rebut the sworn affidavits of Westmor employees stating that not all employees are sent to welding school and that at least three white employees at Westmor who had similar qualifications to Thompson were not sent. (R&R at 10-11.) None of Thompson's objections respond to these findings. As such, his objections will be overruled.

Thompson makes additional arguments that not attending welding school limited his performance, ability to advance, and pay. (Objs. at 7, 9.) But these arguments do not overcome the absence of evidence showing that Westmor's refusal to send Thompson to welding school was based on his protected class. These objections will be overruled.

Thompson presents a finding by an unemployment law judge, in the context of determining Thompson's eligibility for unemployment benefits, that Thompson did not commit "employment misconduct." (Objs. at 6.) However, finding that Thompson did not commit misconduct is not the equivalent of finding that Westmor's reasons for terminating

---

[1] Thompson also argues that there was evidence in the record that he affirmatively requested to be sent to welding school, (Objs. at 11), contrary to the Magistrate Judge's finding, (R&R at 10). But, as noted by the Magistrate Judge, "[a]n employer's denial of an employee's request for training is not, without more, an adverse employment action." *Box v. Principi*, 442 F.3d 696, 696 (8th Cir. 2006). And, even if it were an adverse employment action, Thompson still fails to present evidence to rebut Westmor's sworn affidavits stating that not all employees are sent to welding school and that similarly situated white employees were not sent.

Thompson are pretextual.  Indeed, the unemployment law judge found that "Thompson's conduct was unsafe," that "the load was especially out of balance on March 31, 2016," and that he violated company policy, albeit inadvertently.  (*Id.*)  These findings actually support the Magistrate Judge's conclusion that Westmor's proffered reason for termination was legitimate and non-discriminatory.  (R&R at 15.)  As such, Thompson's objections will be overruled.

Thompson describes several instances of high-quality work that he performs, intending to show that he was meeting Westmor's legitimate expectations.  (Objs. at 8-9.)  He also argues that there were reasons other than his failure to meet expectations that led to him working as a painter and waste disposer.  (*Id.* at 13.)  The Magistrate Judge assumed for the purposes of the summary judgment analysis that Thompson was meeting Westmor's legitimate expectations but found that he failed to demonstrate other essential elements of his claim.  (R&R at 9.)  Furthermore, even if Thompson met or exceeded Westmor's expectations on these occasions, he does not dispute that he received numerous safety violation reprimands.  The Magistrate Judge did not err in finding that Thompson's "disagreement with the reasons underlying the safety violation reprimands does not alter the fact that [they] represent a legitimate, non-discriminatory reason to terminate [his] employment."  (R&R at 15 (citing *Judge v. Susee*, Civil No. 5-214 (PAM/JSM), 2006 WL 463534, at *6 (D. Minn. Feb. 24, 2006)).)  Thus, Thompson's objections will be overruled.

Thompson purports to give the Court "[t]he reason why Steve was mention[ed]."  (Objs. at 11-12.)  The Magistrate Judge considered Thompson's argument that there was direct evidence of discrimination based on a disparaging comment made by a maintenance

co-worker named Steve. (R&R at 7.) The Magistrate Judge determined that this comment did not constitute direct evidence of discrimination because Thompson failed to demonstrate a link between the comment and the adverse employment actions. (*Id.*) He found that there was no admissible evidence demonstrating that Steve played any part in or was able to influence Westmor's decisions not to send Thompson to welding school and to terminate him. (*Id.*) Indeed, the Magistrate Judge found no evidence to suggest that the decisionmakers were even aware of Steve's disparaging comment. (*Id.*) Thompson's objection has no bearing on these findings as it does not show a link between Steve's comment and Westmor's decisions. As such, the Magistrate Judge's findings were not clearly erroneous, and Thompson's objection will be overruled.

Finally, Thompson describes two instances that attempt to show that Westmor's management was "actively seeking fault with [him] in order to get rid of [him]." (Objs. at 13-14.) Thompson argues that Westmor's decision to terminate him due to safety violations is pretext and that the real reason for terminating him was Westmor's financial distress. (*Id.*) Even if true, these allegations do not support a finding that Westmor violated Title VII by discriminating against Thompson on the basis of his race or national origin.[2] As such, these objections will be overruled.

---

[2] In his reply, Thompson alleges that his peers that were not in his protected class were sent to the parent company while he was discharged. (Pl.'s Reply at 3.) He does not point to any admissible evidence to support this allegation, and "mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 526-27 (8th Cir. 2007).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Response/Objection to the Magistrate Judge's Report and Recommendation [Docket No. 148] is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 147] is **ADOPTED**;

3. Defendant's Motion for Summary Judgment [Docket No. 100] is **GRANTED**; and

4. Plaintiff's Motion for Summary Judgment [Docket No. 115] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 21, 2019                      _____s/John R. Tunheim____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                                    Chief Judge
                                                 United States District Court